## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| RICK BLANC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) FILE NO. _____ |
| vs. | ) |
| | ) |
| NORTHERN INDIANA | ) |
| PUBLIC SERVICE COMPANY, | ) |
| | ) |
| Defendant. | ) JURY DEMAND |

## COMPLAINT

Rick Blanc ("Blanc"), by counsel, for his complaint against defendant Northern Indiana Public Service Company ("NIPSCO"), states and alleges:

1. This action arises under the Americans with Disabilities Act of 1990 § 12101, et seq. Jurisdiction over plaintiff's claims is vested in this Court pursuant to 42 U.S.C. § 12117; 28 U.S.C. § 1331; and 28 U.S.C § 1391.

2. Plaintiff Blanc is a citizen of the United States and is a resident of LaPorte County, State of Indiana. Plaintiff was employed by Defendant Northern Indiana Public Service Company ("NIPSCO") as a crew member from 1982 until May 30th, 2018 his constructive termination by defendant.

3. Defendant NIPSCO is an Indiana company with its headquarters in Merrillville, Indiana. Defendant is an employer within the meaning of the ADA.

4. Plaintiff Blanc was employed by defendant as a crew member at NIPSCO's Schahfer Generation Station in Wheatfield, IN.

5. Plaintiff suffers from a known mental health disability, and Plaintiff suffered from this known disability during his employment for Defendant. Plaintiff has a record of this disability and Defendant acknowledged Plaintiff as a person with a disability.

6. Plaintiff's disability required Plaintiff to take sick days to allow Plaintiff to manage his disability.

7. The events giving rise to this claim occurred partly in Wheatfield, Indiana, and partly in Michigan City, Indiana.

8. Declaratory, injunctive and equitable relief is sought pursuant, as are compensatory, punitive damages, costs and attorney fees.

9. The EEOC provided the Plaintiff with a Right to Sue letter, which was mailed to him on April 22, 2019. A copy of said document is marked as Exhibit A and is attached and incorporated herein by reference.

## VENUE

10. This action properly lies in the Northern District of Indiana, South Bend Division, pursuant to 29 § 1391(b).

## FACTS

11. Plaintiff was employed on B Shift at Schahfer Generation Station for over thirty years before he was moved to A shift despite having seniority over other employees on B Shift.

12. After Plaintiff's transfer to B Shift hostilities began to form between Plaintiff and other employees as a result of Plaintiff's transfer.

13. Plaintiff filed a hostile work environment grievance and an investigation by the Director of the Department was initiated. As a result of Plaintiff filing the grievance hostilities against Plaintiff continued to grow.

14. On or about April 10, 2016 Plaintiff was called into a meeting with management and informed of Plaintiff's hostile work grievance results and advised that most of Plaintiff's co-workers were sided against Plaintiff. Plaintiff was also notified that he needed to contact the Employee Assistance Program ("EAC") and set an appointment to see a therapist for anger management.

15. On or about April 11, 2016 the Defendant informed Plaintiff he was being transferred to Bailly Generating Station in Michigan City, Indiana for five months and would undergo counseling.

16. On or about April of 2016 Defendant was transferred to Bailly Generating Station.

17. On or about July of 2016 Plaintiff interviewed for a Chemical Trainer Technician position and was later informed that he was not accepted for this position and that the position went unfilled.

18. On or about September 7, 2016 Plaintiff returned to Schahfer Generating Station for his first day of work after his time working at Bailly Generating Station.

19. The EAP representative provided that NIPSCO would make no accommodations for Plaintiff when he returned to Schaffer.

20. On or about September 13, 2016 Plaintiff spoke with Dave Hill, Superintendent, about Plaintiff's Social Anxiety Disorder.

21. On or about September 14, 2016 Dave Hill informed Plaintiff that he had researched Plaintiff's Social Anxiety Disorder and that he now better understood why Plaintiff behaved the way he did.

22. On or about September of 2016 Defendant stopped assigning Plaintiff an apprentice and gave Plaintiff an individual job briefing.

23. On or about September 30, 2016 Plaintiff was brought into another meeting with management. In this meeting Plaintiff was sent home and placed on sick leave. Plaintiff was informed that he was required to attend a job briefing because Defendant would not accommodate Plaintiff.

24. After the meeting on or about September 30, 2016 meeting Plaintiff left work due to a panic attack and was sent to see Dr. Keith Gingerich. Plaintiff's blood pressure was at 198 over 102 and Plaintiff was kept off work until he could see his doctor.

25. On or about June 12, 2017 Plaintiff met with Dr. Kaup and was released to go back to work on July 11, 2017.

26. On or about July 10, 2017 Plaintiff was informed through text message that he had been assigned an apprentice to train.

27. On or about July 11, 2017 Plaintiff had a panic attack, and as a result called off work.

28. On or about July 13, 2017 Plaintiff was put back on sick leave.

29. On or about May 21, 2018 Plaintiff's sick leave ran out and Plaintiff was released to return to work.

30. On or about May 29, 2018 Plaintiff suffered from anxiety and failed his examination.

31. On or about May 30, 2018 David Hill constructively terminated Plaintiff by calling and informing Plaintiff that he would have to either stay on sick leave without pay or retire.

32. As a result of Plaintiff's termination Plaintiff has suffered, and is now suffering, and will continue to suffer lost wages and benefits, emotional damages, and other non-pecuniary losses.

33. That Plaintiff and Defendant have attempted to resolve this matter in good faith, however, those attempts have been unsuccessful.

34. That while attempting to resolve this matter amicably between the parties the Defendant by Counsel agreed to toll the applicable statute of limitation in this matter until January 31, 2020. Therefore this complaint is being filed in a timely manner.

## CAUSE OF ACTION

35. Plaintiff incorporated by reference the material allegations of paragraphs 1 through 32 above.

36. The above stated actions of the Defendant are in violation of § 12101, et seq. of the ADA.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Blanc prays that the Court grant the following relief:

   a. declare the conduct of the Defendant to be in violation of his rights;
   b. enjoin Defendant from engaging in such conduct;
   c. restore Plaintiff to his rightful place of employment, or in lieu of reinstatement, order front pay and benefits for the period remaining until his retirement;
   d. award Plaintiff equitable relief or back pay and benefits up to the date of reinstatement and prejudgment interest for the entire period, or front pay and benefits;
   e. award Plaintiff compensatory and punitive damages;

f. award Plaintiff costs and attorneys fees; and grant such other relief as

g. may be just and proper in the premises.

### DEMAND FOR JURY TRIAL

Plaintiff, Rick Blanc, by counsel, hereby, demands trial by jury.

Respectfully submitted,
FRIEDMAN & ASSOCIATES, P.C.

Shaw R. Friedman, # 8482-46
Nelson G. Pichardo,# 32110-64
705 Lincolnway
LaPorte, IN 46350
(219) 326-1264
Attorney for Plaintiff

### Certificate of Service

I hereby certify that on this 31st day of January 2020, I did cause a true and accurate copy of the foregoing Complaint to be served in the following parties of record, by first-class mail, postage thereupon prepaid or electronic filing system:

Christopher A. Lopez, Esq.
Assistant General Counsel
NiSource, Inc.
290 West Nationwide Blvd.
Columbus, OH 43215
clopez@nisource.com

Shaw Friedman, #8482-46
Nelson Pichardo, #32110-64
Attorney for Plaintiff